**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **DIEULICSON ALEXANDRE AKA ALEXANDRE DIEULICSON** | **CIVIL DOCKET NO. 6:26-CV-1211** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **US IMMIGRATION & CUSTOMS ENFORCEMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Dieulicson Alexandre aka Alexandre Dieulicson ("Petitioner"), pursuant to 28 U.S.C. §2241. This petition was received and filed in this court on April 16, 2026. Petitioner, an immigration detainee who is a native and citizen of Haiti, was detained at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana, when he filed this petition.

On July 28, 2026, the court ordered Petitioner to confirm his custody status within 14 days (Doc. 8). However, that Memorandum Order was returned to this court on August 21, 2026, by the United States Postal Service marked "RETURN TO SENDER-INMATE NOT FOUND." To date, Petitioner has not informed this court of his new address.

All parties have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered cause for dismissal for failure to prosecute. See LR 41.3D.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district

court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 23rd day of September 2026.

**Mark L. Hornsby**
**U.S. Magistrate Judge**